17-2960-cv
The Universal Church, Inc. v. Toellner

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
WILLIAM H. PAULEY III,*
*District Judge*.

------------------------------------------------------------------

THE UNIVERSAL CHURCH, INC.,

*Plaintiff-Counter-*
*Defendant-Appellant*,

v.                                                              No. 17-2960-cv

CALVIN TOELLNER, GEORGE FREEMAN,
BRUCE TAYLOR, UNIVERSAL LIFE
CHURCH/ULC MONASTERY, UNIVERSAL
LIFE CHURCH MONASTERY STOREHOUSE,

---

\* Judge William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Counter-Claimants-Appellees,*

DANIEL CHAPIN,

*Defendant.*

-----------------------------------------------------------------

FOR APPELLANT: DAVID DONAHUE (Laura Popp-Rosenberg, Jennifer Insley-Pruitt, *on the brief*), Fross Zelnick Lehrman & Zissu, P.C., New York, NY; Katherine J. Daniels, Tendy Law Office, LLC, New York, NY.

FOR APPELLEES: JURA C. ZIBAS (Stephen J. Barrett, *on the brief*), Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The Universal Church, Inc. ("Universal Church") appeals from a September 20, 2017 order of the District Court (Buchwald, J.) granting summary judgment in favor of appellees (collectively, "Universal Life Church"). We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to affirm.

The standards for our de novo review of the District Court's grant of summary judgment are well established. See Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 113 (2d Cir. 2017); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 745 (2d Cir. 1998). In granting summary judgment on Universal Church's trademark infringement claim and cancelling its trademark registrations, the District Court concluded that the trademarks "Universal Church" and "The Universal Church" are generic. A term is generic if it "refers to the genus of which the particular product is a species." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985) (citing Abercrombie & Fitch Co. v. Hunting World, Inc., 537 F.2d 4, 9 (2d Cir. 1976)). In determining whether a term is generic, moreover, "the relevant purchasing public is not the population at large, but prospective purchasers of the product." Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc., 192 F.3d 337, 345 (2d Cir. 1999). Here, the District Court concluded that the relevant public is all those who seek and provide religious worship services, and Universal Church does not challenge this conclusion on appeal.

In this case, Universal Life Church met its burden of showing that the term "Universal Church" is generic in the context of "evangelistic and ministerial services, namely, conducting religious worship services," and that the term "The Universal Church" is generic in the context of "religious counseling and ministerial services," the classes for which the trademarks are registered. App'x 55, 63. Specifically, Universal Life Church introduced admissible evidence in the form of an expert report and testimony that "the longstanding common use of the phrase 'Universal Church' in various contexts demonstrates without question that the phrase has been in generic usage over two millennia to describe the Church as a whole throughout the world." App'x 610, 659–61 (deposition testimony). It also introduced the following definition of "universal" from the Oxford English Dictionary: "Designating the whole Christian Church or all Christians collectively . . . Freq. in *universal church*." App'x 572 (emphasis in original); see Harley Davidson, Inc. v. Grottanelli, 164 F.3d 806, 810 (2d Cir. 1999) ("Though not conclusive, dictionary definitions of a word to denote a category of products are significant evidence of genericness because they reflect the public's perception of a word's meaning and its contemporary usage.").

The remaining question before us, therefore, is whether Universal Church created a genuine factual dispute about the issue by presenting any contrary admissible evidence that the term "Universal Church" does <u>not</u> generically refer to religious counseling and evangelistic and ministerial services.   We agree with the District Court that Universal Church did not.   First, the testimony of Universal Church's religious expert alone failed to create a genuine dispute that the term "Universal Church" refers to Christian services in general among the relevant public.   Second, the testimony of Universal Church's vice president that "Universal Church" is a "distinctive name" because the organization "promote[s] this brand" to its 30,000 members and in its weekly television program (which may reach up to 800,000 people), App'x 373; <u>see</u> <u>id.</u> 357, 360, also failed to establish the significance of the term "Universal Church" among the relevant public.   In any event, "no matter . . . what success [the user of a generic term] has achieved in securing public identification, it cannot deprive competing manufacturers of the product of the right to call an article by its name."   <u>Abercrombie</u>, 537 F.2d at 9.   In urging a contrary conclusion, Universal Church points to its efforts to police its mark by preventing other organizations from using the words "universal" and "church" in their name.

But "when . . . the mark has entered the public domain beyond recall, policing is of no consequence to a resolution of whether a mark is generic." Murphy Door Bed Co. v. Interior Sleep Sys., Inc., 874 F.2d 95, 101 (2d Cir. 1989) (quotation marks omitted). Because a generic term can never be trademarked, moreover, see Park 'N Fly, 469 U.S. at 194; Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 143 (2d Cir. 1997), the District Court did not abuse its discretion in thereafter cancelling the trademarks. We therefore affirm the District Court's grant of summary judgment in favor of Universal Life Church and cancellation of the trademark registrations.

Because Universal Church's marks are generic, we also affirm the District Court's grant of summary judgment to Universal Life Church on Universal Church's cybersquatting claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125, which required Universal Church to show that its marks were distinctive. See Sporty's Farm L.L.C. v. Sportsman's Market, Inc., 202 F.3d 489, 497 (2d Cir. 2000).

Finally, the District Court was also correct to dismiss Universal Church's unfair competition claims. Universal Church argues that even a generic term may give rise to an unfair competition claim if the junior user adopts the term in

6

order to conflate itself with the senior user.  But our review of the record does not suggest that Universal Life Church, an organization which provides free online ordination and does not conduct church services other than occasional mass weddings, attempted to portray itself as a Pentecostal church in order to "confus[e] the public into mistakenly purchasing [its] product in the belief that the product is the product of the competitor."  Murphy Door Bed, 874 F.2d at 102 (quotation marks omitted).

We have considered Universal Church's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7